IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3023 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| SHAWN TULL, | ) | |
| | ) | |
| Defendant. | ) | |

Before I sentence him, the defendant is in need of a thorough medical and mental evaluation. I next briefly explain why that is so.

Shawn Tull (Tull) is a 37-year old black male who is 6'2" tall and weighs 190 pounds. He was born in Guyana and is a permanent resident of this country. He has been married three times, went to the 11th grade in school, and he has a spotty employment record. A jury found Tull guilty of possession with intent to distribute 309 kilos of marijuana.

He has no criminal history that may be counted under the advisory Guidelines. His advisory Guidelines range for prison purposes is 78 to 97 months. That calculation is in part based upon a 2-point enhancement for being a manager of the group that committed the crime. Tull, at the direction of the leader, did several things indicative of an enhanced role in the offense. That activity included bringing another person into the jointly undertaken criminal activity and buying the vehicle that was used to commit the crime.

At sentencing, Tull's lawyer advised me that he was having trouble with the defendant. The lawyer advised that he had arranged an appointment with a clinical psychologist, but Tull, while polite and otherwise communicative, refused to cooperate with the psychologist. I inquired further.

I questioned Tull and learned that Tull has a history of grand mal seizures. Those seizures typically occur during sleep, and Tull believed he last experienced such a seizure two months ago. I noticed that Tull stuttered slightly and appeared to have some difficulty forming words. He admitted that he had not cooperated with the psychologist, but gave no understandable reason for the lack of cooperation.

Tull was clearly oriented as to time, place and person. He also had a basic understanding of the legal proceedings and the roles of defense counsel, the prosecutor and the judge. Although he has been in custody since the conclusion of the trial, he was well groomed.

Tull's twin brother, who is a licensed and practicing psychiatric social worker in New York, holding a masters degree, testified that Tull, although otherwise competent, basically shuts down when he is frightened, that he is easily influenced, that he has long suffered from a seizure disorder (the etiology of which is unknown), that the seizure disorder first appeared in childhood when the defendant was living in Guyana, and that the defendant is not currently taking seizure medications because those medications make the situation worse. According to the brother, Tull also has serious learning deficits apparently related to the seizure disorder.

Tull's brother also stated that Tull had worked steadily in Minnesota during much of the last three years, that he performed factory work, that he was a good worker, and that he worked long hours. Nonetheless, Tull suddenly quit his job without explanation. At the time of the commission of the offense, Tull's brother was attempting to have the Social Security administration award Tull supplemental social security income (SSI).

As the hearing was coming to an end, Tull appeared to experience a "panic attack." He had difficult breathing and talking. In my opinion, Tull's discomfort was real and not feigned. The panic attack subsided after Tull was allowed to stand, breath deeply and receive calming reassurance from his brother and his lawyer.

Under these circumstances, and on my own motion, but with the agreement of both parties,

IT IS ORDERED that:

1. The United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant, who is in custody, shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall remain at the medical center until released to the U.S. Marshal for return to Nebraska.

2. Pursuant to 18 U.S.C. § 3552(b)&(c) and 18 U.S.C. §4244(b), the Bureau of Prisons shall evaluate the defendant and advise me in writing regarding the following matters: (a) the present medical status of the defendant, with particular emphasis on the defendant's neurological condition; (b) the present mental status of the defendant, with particular emphasis on the defendant's cognitive capacity and the defendant's ability to assist, and communicate with, his lawyer; (c) applying U.S.S.G. § 5K2.13, whether the defendant committed the instant offense while suffering from significantly reduced mental capacity and, if so, the nature and extent of the diminished capacity; and (d) applying U.S.S.G. § 3B1.1(c), whether it is likely that the defendant possessed the mental capacity to serve as manager of the jointly undertaken criminal activity and, also, whether, at the time of the commission of the offense, the defendant's mental status rendered him unusually susceptible to suggestion or manipulation by others. Unless extended by a subsequent order, the evaluation shall be submitted to the court and counsel within 60 days of the defendant being delivered to the medical center.

3.   The defendant's counsel shall promptly provide the probation officer with copies of any evaluations or medical records counsel has in his possession.

4.   The probation officer assigned to this case (Kelly T. Nelson) is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons. The probation officer shall provide the medical center with all materials the officer believes will assist the medical center in conducting the evaluation, including the presentence report.

5.   My chambers shall provide a copy of this memorandum and order to the probation officer and the United States Marshals Service.

6.   Sentencing is continued until further order of the court. My chambers will calendar this matter for internal review no later than 90 days from this date.

7.   Upon receipt of the written report from the Bureau of Prison, I will give the parties an opportunity to submit additional motions or briefs.

March 19, 2007.        BY THE COURT:

                       s/ *Richard G. Kopf*
                       United States District Judge