IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3023-3 |
| | ) | |
| v. | ) | |
| | ) | |
| SHAWN TULL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before me for initial review[1] of Shawn Tull's Motion to Vacate under 28 U.S.C. § 2255. (Filing 195.) Because it plainly appears from the files and records that he is not entitled to relief, I will deny and dismiss the motion.

Tull claims his lawyer was ineffective because his lawyer failed to advise him of his right to consular notification and because counsel failed to pursue a remedy for

---

[1] When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

violation of the right to consular notification.[2] Tull also claims that he is entitled to compensatory, nominal and punitive damages for the alleged violation of his right to consular notification.

As to his claim of ineffective assistance of counsel, it is apparent that Tull suffered no prejudice (assuming the highly dubious proposition that counsel's performance was deficient). As for the damage claim, it is enough to state, without further discussion, that section 2255 provides no such remedy. A brief explanation of my reasoning regarding the "ineffective assistance of counsel" claim follows.

The presentence report (PSR, filing 161) established that Tull was born in Guyana.[3] (PSR ¶ 55.) By the time this case began, Tull had lived in the United States for twenty years and was a permanent resident alien. (*Id.*) I assume without deciding that Tull was not given the consular notification required by the *Vienna Convention* and American law. I also assume, again without deciding, that Tull's counsel did not discuss this matter with him and that counsel sought no remedy for such a violation.

---

[2]*See* Article 36 of the *Vienna Convention on Consular Relations* (*Vienna Convention*), April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (generally providing that a foreign national's arrest or imprisonment requires a signatory state to advise the foreign national's consular post of such arrest or imprisonment). *See also* 28 C.F.R. § 50.5(a)(1) ("In every case in which a foreign national is arrested, the arresting officer shall inform the foreign national that his consul will be advised of his arrest unless he does not wish such notification to be given.").

[3]Guyana is apparently a signatory to the *Vienna Convention*. *See Consular Notification and Access, Part 5: Legal Materials*, U.S. Department of State, Bureau of Consular Affairs (March 31, 2010), available at http://travel.state.gov/law/consular/consular_744.html# ("Agreements Pertaining to Consular Functions" & table )(last accessed March 31, 2010).

Tull, along with several others, was arrested on Interstate 80 when two vehicles were stopped and searched and a large load of marijuana was found and seized. Tull was charged, along with others, with possession of a controlled substance with the intent to distribute it and, after a short detention, Tull was released pending trial. He remained released throughout trial.

Tull demanded a jury trial, but a jury found him guilty. After I determined that Tull should receive an enhanced sentence for his role in the offense, he was sentenced to 78 months in prison. He appealed and his appeal was denied. Through trial, Tull was represented by Michael Hansen, a very experienced Federal Public Defender. After trial, Tull retained Carlos Monzon, another very experienced lawyer, to represent him at sentencing and on appeal.[4]

It is Hansen's alleged failure to tell Tull about the consular notification requirement and Hansen's alleged failure to seek a remedy for the asserted violation of that right that forms the basis for Tull's claim. Tull barely makes any assertion of prejudice. For example, Tull amorphously concludes that the failure to give consular notification denied him a "'[c]ultural bridge' between the foreign detainee and the legal machinery of the receiving state." (Filing 195 at CM/ECF p. 6.)

In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel, Tull must establish two things. Those things are (1) that

---

[4]The consular notification issue was not raised at trial and, so far as I can tell, the consular notification issue was not raised on direct appeal. This may have resulted in a procedural default of the issue. See, e.g., *United States v. Gaona-Lopez*, 2007 WL 1290129 * 2 (D. Neb. 2007) (denying a 2255 motion and finding procedural default where consular notification claim was not raised at trial or on direct appeal). But that is a tricky question particularly because it is framed here as an ineffective assistance of counsel claim. It is more expedient to address Tull's claim directly.

"'counsel's representation fell below an objective standard of reasonableness,'"[5] *and* (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[6] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

Simply put, Tull has wholly failed to show that he was harmed by Hansen's alleged failure to advise Tull about, or to take action regarding, the consular notification requirement. Therefore, Tull's section 2255 motion must be dismissed. *See, e.g.*, *United States v. Castillo*, 2007 WL 4591928 * 4 (D. Minn. 2007) (denying certificate of appealability regarding the denial of a § 2255 motion where

---

[5] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997).

[6] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"petitioner's asserted prejudice is purely speculative"; petitioner claimed that his counsel should have notified the Dominican Republic's consulate); *Gomez v. United States,* 100 F. Supp.2d 1038, 1049 & n. 9 (D. S.D. 2000) (denying § 2255 motion regarding ineffective assistance of counsel claim; stating: "In the instant case, no showing of prejudice whatsoever has been made. Gomez does not explain how consultation with the El Salvadoran consulate would have changed the actions he took or altered the outcome of the case in any manner. Gomez's assertions of prejudice are speculative and trumped by the evidence of record and applicable precedent. Finally, had consular notification been given, Gomez would have been able to talk to someone who could do no more (and probably far less) to protect his rights than trial counsel. Therefore, because Gomez has failed to show that he was in any way prejudiced by the alleged Vienna Convention violation, his claim has no merit and must fail.")[7]

Let me briefly amplify the foregoing. First, a violation of the *Vienna Convention* does not normally warrant the remedy of suppression. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 349-350 (2006) (Suppression would be a vastly disproportionate remedy for an Article 36 violation. The interests of a defendant in Article 36 are effectively protected by other constitutional and statutory requirements, including the right to an attorney and to protection against compelled self-incrimination) Secondly, Tull has failed to point to anything concrete that Hansen could have done (by way of suppression or otherwise) regarding the consular

---

[7]Tull relies upon *Jogi v. Voges*, 480 F.3d 822 (7th Cir. 2007) (district court had subject matter jurisdiction on a tort claim brought by a citizen of India asserting that county law enforcement officials violated the Vienna Convention's consular notification provisions). *Joji* has nothing to do with 2255 motions and there is not the slightest suggestion in the Seventh Circuit's opinion that a violation of the Vienna Convention would warrant setting aside a federal criminal conviction. On the contrary, the Seventh Circuit explicitly distinguished tort cases from criminal and habeas corpus cases like this one. *Id.* at 831-832.

notification issue that would have made a difference to Tull's conviction or his sentence. Finally, given the fact that Tull lived in the United States for 20 years and was a permanent resident alien, it would be absurd to believe that Tull was in need of the "cultural bridge" that the consulate allegedly would have extended to Tull by providing an explanation of the American legal system.

IT IS ORDERED that:

1. The motion (filing 197) to proceed in forma pauperis is granted.

2. The section 2255 motion (filing 195) is denied with prejudice.

3. A separate judgment will be issued.

DATED this 15th day of June, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge